IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER CONLON, | ) | CASE NO. 1:14cv1668 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| BENNIE KELLY, *Warden*, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Peter Conlon ("Petitioner" or "Conlon") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Conlon is detained at the Grafton Correctional Institution, having pleaded guilty to murder with a three-year gun specification and three counts of aggravated arson in the Cuyahoga County, Ohio, Court of Common Pleas. Doc. 7-1, p. 3.[1] *State v. Conlon*, Case No. CR-01-409242-ZA (Cuyahoga Cty. Common Pleas Ct. filed September 5, 2001). On September 26, 2001, the trial court sentenced Conlon to three years in prison on the firearm specification, fifteen years to life on the murder charge, and nine years as to each count of aggravated arson, all to be served consecutively, for an aggregate sentence of forty-five years. Doc. 7-1, p. 4.

On July 29, 2014, Conlon filed his Petition for Writ of Habeas Corpus setting forth two grounds for relief. Doc. 1, pp. 5-7. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, Conlon's Petition for Writ of Habeas Corpus is barred by the statute of limitations. Thus,

---

[1] Doc. Page citations are to ECF Doc. page numbers.

1

the undersigned recommends that Respondent's Motion to Dismiss as Time Barred (Doc. 7) be **GRANTED** and that Conlon's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED.**

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also* *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008), *cert denied*, 129 S. Ct. 2878 (2009). The Cuyahoga County Court of Appeals, Eighth Appellate District of Ohio, set forth the background facts as follows:

> {¶3} Appellant originally was indicted in this case on seven counts as follows: 1) aggravated murder, R.C. 2903.01, with two firearm specifications; 2), and 3) and 4) aggravated arson, R.C. 2909.02(A)(2) and (A)(1);[1] 5) attempted murder, R.C. 2923.02/2903.02; 6) domestic violence, R.C. 2919.25; and 7) aggravated arson, R.C. 2909.02(A)(1).[] Count two pertained to a structure located at 2286 West 135th Street in Cleveland, Ohio. The remaining aggravated arson counts pertained to appellant's former wife and two young grandchildren.
>
>> [FN1] The indictment references the wrong statute; however, that fact was neither brought to the trial court's attention nor is raised as an issue on appeal.
>
> {¶4} After being found both competent to stand trial and sane at the time of the offenses, appellant entered into a plea agreement with the state. The prosecutor outlined the agreement for the trial court at the plea hearing.
>
> {¶5} The prosecutor informed the trial court that in exchange for the state's amendment of count one to a charge of murder with only the three-year firearm specification, and the state's dismissal of both the domestic violence charge and the aggravated arson charge that related to the structure, appellant would enter guilty pleas to the remainder of the indictment as amended. Moreover, appellant had agreed to accept that the sentence as to at least one of the aggravated arson counts would be served consecutively; he would accept the trial court's decision with regard to the rest of the counts.
>
> {¶6} The trial court ensured that all parties understood the arrangement before conducting a careful colloquy with appellant. Thereafter, the trial court accepted appellant's pleas of guilty to the four counts as amended and found him guilty of

2

the charges. Appellant at that point was referred to the probation department for the preparation of a presentence report.

{¶7} The trial court called appellant's case for sentencing a month later. It initially stated it was aware appellant previously had not served a prison sentence, so that as to appellant's convictions for aggravated arson, "the starting point for all of these sentences is a minimum term." This statement led the trial court to conduct a review of appellant's criminal record.

{¶8} The court noted appellant apparently had a "history of domestic violence" that had been exacerbated by his abuse of alcohol "on a regular basis" for forty-five years. The court further noted several statutory recidivism factors were present, whereas the report indicated favorably toward appellant only that his lack of actual convictions made him appear to be "law-abiding."

{¶9} The court then considered the seriousness of the aggravated arson offenses committed by appellant. These included the ages of the minor victims, who were five and two at the time, the fact that the children suffered psychological harm, and the fact that the children were appellant's own grandchildren. The court noted the lack of factors that indicated appellant's crimes were of a less serious nature.

{¶10} Three of appellant's family members addressed the trial court at that point in the proceeding. In particular, appellant's daughter gave a detailed description of family life with appellant, what had occurred on the night appellant killed her mother, and the way in which appellant's actions of that night had affected her children.

{¶11} After hearing from the prosecutor, defense counsel, and appellant, the trial court pronounced sentence. Appellant was sentenced to terms of incarceration as follows: three years for the firearm specification, to be served prior to and consecutively with fifteen-years to life for the murder conviction; and nine years on each aggravated arson conviction, to be served consecutively with each other and with the terms for the murder with a firearm conviction.

*State v. Conlon,* No. 80411 (Ohio Ct. App. July 3, 2002); 2002 WL 1453817 (Ohio Ct. App. July 3, 2002).

## II. Procedural Background

### A. Direct Appeal

On October 26, 2001, Conlon, through counsel, timely appealed to the Ohio Court of Appeals. Doc. 7-1, p. 5. In his brief, he raised the following assignments of error:

3

1. The trial court erred in rejecting the presumptive minimum sentence for the defendant, who has served no prior prison term, without making the statutorily required findings.

2. The court erred by ordering the defendant to serve consecutive sentences when the findings required by law were not supported by the record.

Doc. 7-1, p. 11. On July 15, 2002, the state Court of Appeals affirmed Conlon's conviction and sentence. Doc. 7-1, p. 57. Conlon did not appeal this decision to the Ohio Supreme Court.

### B. Delayed Appeal

On October, 15, 2013, Conlon, *pro se*, filed a "Motion for Leave to File and Delayed Application to Reopen Appeal Pursuant to Appellate Rules 14(B), 26(B), Crim. R. 52(B), and State v. Murnahan" in the Ohio Court of Appeals. Doc. 7-1, p. 67. He asserted the following assignments of error:

1. Appellate counsel was ineffective because counsel failed to raise and argue the issue of the trial court committing plain error, by neglecting to make the requisite inquiry and determination regarding allied offenses of similar import pursuant to R.C. 2941.25. Thus, appellate counsel's ineffective representation and performance violated defendant-appellant's substantial rights to due process; protection from possible double jeopardy; effective assistance of appellate counsel; and equal protection under the law as secured by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article 1 Sections 2, 10, and 16 of the Ohio Constitution.

2. The trial court abused its discretion by neglecting to make the requisite inquiry and determination regarding allied offenses of similar import pursuant to R.C. 2941.25, thereby committing plain error. Thus, the trial court violated defendant-appellant's rights to due process; protection from possible double jeopardy; and equal protection under the law; as secured by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 2, 10, and 16 of the Ohio Constitution.

Doc. 7-1, pp. 73-74. On January 15, 2014, the state Court of Appeals denied Conlon's motion as untimely. Doc. 7-1, p. 190. On February 27, 2014, Conlon, *pro se*, timely appealed to the Ohio

4

Supreme Court. Doc. 7-1, p. 197. In his brief, Conlon asserted the following propositions of law:

1. Defendants and appellants in criminal cases and appeals have substantial rights to due process. Protection from possible double jeopardy, effective assistance of counsel and equal protection under the law as secured by the V, VI, and XIV Amendments to the United States Constitution and Article I, Sections 2, 10 and 16 of the Ohio Constitution.

2. A procedural bar stemming from an Ohio court rule does not supersede constitutional rights and guarantees as established by the V, VI, and XIV Amendments to the United States Constitution and Article I, Sections 2, 10, and 16 of the Ohio Constitution.

Doc. 7-1, p. 200. On April 23, 2014, the Ohio Supreme Court declined jurisdiction of his appeal. Doc. 7-1, p. 220.

### C. Federal Habeas Petition

On July 29, 2014, Conlon, *pro se*, filed a Petition for a Writ of Habeas Corpus. Doc. 1. He listed the following grounds for relief:

**Ground One:** Appellate counsel's ineffective representation and performance in failing to raise and argue an allied offenses of similar import issue where the court failed to make the requisite inquiry and findings at trial violated Petitioner's substantial rights to due process; protection from possible double jeopardy; effective assistance of appellate counsel; and equal protection under the law as secured by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

**Supporting Facts:** Petitioner Conlon's counsel was the same legal firm and attorneys at trial and on appeal; due to conflict of interest, appellate counsel did not argue their own ineffectiveness in their role as Conlon's trial counsel; Conlon's appellate counsel is responsible for failing to recognize and raise, on appeal, the trial court's failure to make the requisite inquiry and findings at trial of the plain error, allied offenses of similar import issue in Conlon's case.

**Ground Two:** The trial court abused its discretion by neglecting to make the requisite inquiry and determination regarding allied offenses of similar import pursuant to R.C. 2941.25, thereby committing plain error. Thus, the trial court violated Petitioner's right to due process; protection from possible double jeopardy; and equal protections under the law; as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

5

>**Supporting Facts:** The trial court abused its discretion and violated Petitioner's constitutional rights by neglecting to make the requisite inquiry and determination regarding allied offenses of similar import, and thereby committing plain error.

Doc. 1, pp. 5-7. Respondent filed a Motion to Dismiss (Doc. 7) and Conlon filed a Traverse (Doc. 9). Respondent asserts that Conlon's Petition is barred by the statute of limitations. Doc. 7, p. 6-8.

### III. Law & Analysis

#### A. AEDPA Statute of Limitations

Respondent contends that Conlon's habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). "Direct review" includes the 90-day period a petitioner has for seeking *certiorari* in the United States Supreme Court. *Knuckles v. Brigano,* 70 Fed. App'x 830, 838 (6th Cir. 2003) (citing *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989)). Thus, a case becomes final on direct review when *certiorari* is denied or the time to file a *certiorari* petition expires. *Id.*

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

"An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000)). A post-conviction petition deemed untimely pursuant to Ohio law is not "properly filed" and, therefore, does not toll the statute of limitations. *Id*. at 771-772.

### B.  Conlon's Petition is Barred by the One-Year Statute of Limitations

The one-year statute of limitations began to run when Conlon's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The Ohio Court of Appeals affirmed the judgment of the trial court

on July 15, 2002. Doc. 7-1, p. 57. Thereafter, Conlon had forty-five days, until August 29, 2002, to file a notice of appeal to the Ohio Supreme Court. *See* Rule 7.01(A)(1)(a) of the Rules of Practice of the Supreme Court of Ohio ("a notice of appeal in the Supreme Court [must be filed] within forty-five days from the entry of judgment being appealed."). Conlon did not file a notice of appeal to the Ohio Supreme Court. Therefore, absent the application of any tolling provisions, Conlon had one year from that date, until August 29, 2003, to file his federal habeas petition. Conlon filed his Petition more than eleven years later, on July 29, 2014, well over the statutory period for filing a federal habeas petition.

Although Conlon filed a delayed application to reopen his appeal with the Ohio Court of Appeals on October 15, 2013, that filing did not toll the statute of limitations because it was filed after the limitations period had already expired. *See Vroman*, 346 F.3d at 602 (upon the expiration of the limitations period, a state collateral petition will not toll the statute of limitations per 28 U.S.C. § 2244(d)(2)). Conlon does not argue that any other provision in 28 U.S.C. § 2244(d)(1) controls the start of the statute of limitations in this case and it does not appear to the undersigned that any provision would apply to his case.

Conlon disputes Respondent's contention that his Petition is time-barred. Doc. 9, p. 7. In support of his argument, he asserts that an ineffective assistance of counsel claim must be raised in an application to reopen a direct appeal, and cites *Carpenter v. Mohr*, 163 F.3d 938 (6th Cir. 1998) in support. Doc. 9, p. 7. Conlon's argument misses the mark; the issue is not whether he properly raised his ineffective assistance of counsel claim in his delayed application to reopen, but whether he did so in a timely manner. Conlon filed his delayed application eleven years after his conviction was final and ten years after the statute of limitations had run on his federal

8

habeas petition. As explained above, Conlon's untimely delayed application does not render his federal habeas petition timely.[2] *See Vroman,* 346 F.3d at 602.

### C. Conlon is Not Entitled to Equitable Tolling

Conlon is unable to demonstrate that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling when he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing entitlement. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Here, Conlon does not argue that he is entitled to equitable tolling. Moreover, he was not diligent in pursuing his claims. He does not explain why he waited ten years before pursuing his ineffective assistance of counsel claim in state court. He does not describe some extraordinary circumstance that prevented him from timely filing his habeas petition. Instead, he argues that the Ohio Court of Appeals should not have denied his delayed application as untimely because it was unfair and improper for it to have done so. Doc. 9, p. 9. This argument is without merit. *See Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426, 436 n. 7 (6th Cir. 2006) (Ohio court's denial of a Rule 26(B) application on untimeliness grounds is an adequate reason for denying relief).

Conlon's additional arguments are equally unavailing. Conlon asserts that, under Rule 26(B)(5), his application for delayed appeal should have been granted because he demonstrated that there was a genuine issue regarding the merits of his ineffective assistance of counsel claim.

---

[2] In *Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009), the United States Supreme Court held that when a state court grants a defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). *Jiminez* is not applicable to Conlon's case because the facts here are unlike those in *Jiminez;* here, the Ohio Court of Appeals did not grant Conlon's application for a delayed appeal and Conlon has already sought federal habeas review.

9

Doc. 9, p. 9. Rule 26(B)(5) provides that an application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. Oh. App. R. 26(B)(5). However, Conlon fails to recognize that he remains subject to the timeliness standard under Rule 26(B)(1). Therefore, without a showing of good cause for his late filing, the merits of his claims cannot be considered by the state court of appeals. *See* Oh. App. R. 26(B)(1) ("An application for reopening shall be filed . . . within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."); *Haliym v. Mitchell*, 492 F.3d 680, 692 (6th Cir. 2007) (an application must comply with both the timeliness requirement in Rule 26(B)(1) and the genuine issue requirement set forth in Rule 26(B)(5)). Moreover, the fact that the Ohio Court of Appeals denied his untimely application to reopen cannot save him from the federal habeas statute of limitations that expired a decade prior to his delayed application in state court. *See Vroman,* 346 F.3d at 602.

Conlon's other arguments presented in his Traverse address the merits of his ineffective assistance of counsel claim. The Court cannot consider the merits of those arguments because Conlon's Petition is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

In sum, Conlon's Petition is time-barred and he is not entitled to equitable tolling. Accordingly, the undersigned recommends that his Petition be dismissed.

### IV. Conclusion and Recommendation

For the reasons stated above, the undersigned concludes that Petitioner's habeas petition is barred by the one-year statute of limitations. Accordingly, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 7) and **DISMISS** with prejudice Conlon's Petition (Doc. 1).

Dated: June 18, 2015

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

11